IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CRAWFORD, :
         Petitioner :
:
vs. : CIVIL NO. 1:CV-14-0693
:
WARDEN EBBERT, : (Judge Caldwell)
         Respondent :
:
:

*M E M O R A N D U M*

I. *Introduction*

        David Crawford, an inmate at the United States Prison in Canaan, Pennsylvania, filed a pro se petition under 28 U.S.C. § 2241 challenging the results of a disciplinary proceeding held while he was an inmate in the Federal Correctional Institution in Forrest City, Arkansas.  As a result of the proceeding, Petitioner lost credit against his sentence for a total of forty-one days of good conduct time, based on two infractions, an attempted assault and insolence towards a staff member.

        Petitioner claims the following due process violations.  First, he had requested that the investigating officer preserve exculpatory video and audio tapes of the event giving rise to the infractions, but the officer failed to do so.  Second, his disciplinary hearing was untimely

II.  *Relevant Law*

Federal prisoners have a liberty interest in good time credits.  *Lang v. Sauers*, 529 F. App'x 121, 122 (3d Cir. 2013)(nonprecedential).  At a disciplinary hearing that may result in the loss of good time credits, due process requires that an inmate "receive: (1) written notice of the charges at least 24 hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; and (4) a written statement of the evidence relied on and the reasons for the disciplinary action."  *Id.* at 123 (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

Due process also requires that the Discipline Hearing Officer's (DHO's) decision be supported by "some evidence."  *Id.* (quoting *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)).  A determination of whether there is some evidence to support the decision "does not require examination of the entire record, an independent assessment of the credibility of witnesses, or a weighing of the evidence."  *Id.* (citing *Thompson v. Owens,* 889 F.2d 500, 502 (3d Cir. 1989)).  "This requirement is minimal, and is satisfied if there is 'any evidence in the record that could support the conclusion reached by the'" DHO.  *Deen-Mitchell v. Bledsoe*, 548 F. App'x 747, 750 (3d Cir. 2013)(nonprecedential)(quoting *Hill*, 472 U.S. at 455-56, 105 S.Ct. at 2774).

III.  *Discussion*

We reject Petitioner's second claim.  He claims his disciplinary hearing was untimely because the incident report was dated February 7, 2012, but the hearing was not held until, April 3, 2012.  However, *Wolff* does not require that the hearing be held within any particular time.

We cannot resolve Petitioner's first claim at this time.  He asserts he asked the investigating officer to preserve exculpatory video and audio tapes of the event giving rise to the infractions, but the officer failed to do so.  This may be a due process violation.  The Third Circuit has stated that, generally, when "an institution's record retention policy suggests that documentary evidence exists, and an inmate properly requests that the evidence be produced at his/her disciplinary hearing, due process requires that the evidence be produced . . . ." *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 174 n.11 (3d Cir. 2011).

This claim turns on the facts.  For example, we do not know if video or audio tapes existed;[1] if they existed, whether they would have provided relevant evidence; whether Petitioner actually made a request for the evidence,[2] and if so,

---

[1]   The Discipline Hearing Officer recorded in his report that Petitioner's staff representative stated at the disciplinary hearing she tried to obtain the video but that "[s]he was advised the video footage for that day was no longer available."  (Doc. 6-1, ECF p. 10).

[2]   We note that institutional records indicate that Petitioner refused to cooperate with the Unit Discipline Committee (Doc. 6-1, ECF p. 4) and that he refused to sign the form informing him of his rights at the disciplinary hearing.  (*Id.*, ECF pp. 6-7).

whether it was timely, meaning the request was made before any routine destruction of the evidence.

      We will therefore schedule this case for a hearing.

                                    /s/William W. Caldwell  
                                    William W. Caldwell  
                                    United States District Judge

Date: October 14, 2014