IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CRAWFORD, :
      Petitioner :
 :
  vs. : CIVIL NO. 1:CV-14-0693
 :
WARDEN EBBERT, : (Judge Caldwell)
      Respondent :
 :
 :

*M E M O R A N D U M*

      David Crawford, an inmate at the United States Prison in Canaan, Pennsylvania, filed a pro se petition under 28 U.S.C. § 2241 challenging the results of a disciplinary proceeding held while he was an inmate in the Federal Correctional Institution in Forrest City, Arkansas. As a result of the proceeding, Petitioner lost credit against his sentence for a total of forty-one days of good conduct time, based on two infractions, an attempted assault and insolence towards a staff member.

      Petitioner claimed the following due process violations. First, he had requested that the investigating officer preserve exculpatory video and audio tapes of the event giving rise to the infractions, but the officer failed to do so. Second, his disciplinary hearing was untimely.

      In a memorandum dated October 14, 2014, we decided that Petitioner's second claim lacked merit. On the first claim, we decided to hold a hearing, concluding there were factual disputes that had to be resolved before ruling on its merits.

Specifically, we wanted to know if video or audio tapes existed, and if they existed, whether they would have provided relevant evidence; whether Petitioner actually made a request for the evidence, and if so, whether it was timely, meaning the request was made before any routine destruction of the evidence. (Doc. 9, ECF pp. 3-4).

The incident giving rise to the disciplinary charges happened on February 7, 2012. (Doc. 6-1, ECF p. 4). The UDC (Unit Discipline Committee) indicated that Petitioner refused to cooperate with staff conducting the UDC hearing on February 9, 2012. (*Id.*). The investigating officer affirmed that he had advised Petitioner of his rights on February 9, 2012, but that Petitioner refused to sign an acknowledgment of his rights. (Doc. 6-1, ECF p. 6).

On December 16, 2014, we held a hearing in this matter. The DHO (Discipline Hearing Officer) testified on behalf of Respondent by way of video-conferencing. The DHO testified that the DHO hearing was originally scheduled for March 15, 2012, but was postponed when Petitioner requested a staff representative. The hearing was rescheduled for March 22, 2012, and was postponed again when the staff representative requested production of any videos of the incident. It was determined that no video existed as any recording medium was routinely reused by that point. The DHO further testified that there was no way of determining if the video would have been relevant or not. The DHO hearing was eventually held on April 3, 2012.

The DHO also testified that Petitioner had refused to cooperate in the UDC hearing and that he had refused to sign the acknowledgment-of-rights form presented by

the investigating officer, basing her testimony on the relevant forms filled out by the UDC and the investigating officer.

Petitioner also testified at the habeas hearing. He did not testify that during his meeting with the investigating officer he had requested that the video be preserved. Instead, he merely testified that the investigating officer should have automatically preserved any exculpatory video of the incident, without waiting for a request from the inmate.

Based upon Petitioner's testimony, his claim must fail. An inmate has no due process right to the preservation of potentially exculpatory evidence. *Griffin v. Spratt*, 969 F.2d 16, 20-21 (3d Cir. 1992). *See also Vaden v. Bledsoe*, No. 11-CV-1807, 2012 WL 3637709, at *2 (M.D. Pa. Aug. 22, 2012)(no due process violation in prison disciplinary proceedings when the inmate failed to make a timely request for the video). *Cf. Hatten v. Bledsoe*, No. 11-CV-1904, 2012 WL 4747297, at *2 (M.D. Pa. Oct. 4, 2012)(Caldwell, J.)(inmate has no right to an adequate prehearing investigation).

We will therefore issue an order denying relief. We will not issue a certificate of appealability since Petitioner has the right to appeal our order to the Third Circuit without a certificate. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: December 29, 2014